| | |
|---|---|
| **Law Offices of Avrum J. Rosen, PLLC** | Hearing Date: January 25, 2023 |
| 38 New Street | Hearing Time: 10:00 am |
| Huntington, New York 11743 | Objection Deadline: January 18, 2023 |
| (631) 423-8527 | |
| Avrum J. Rosen, Esq. | |
| Nico G. Pizzo, Esq. | |

*Proposed Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | (Subchapter V) |
| FLAVORWORKSTRUCK LLC, | |
| | Case No.: 22-42150-jmm |
| Debtor. | |

------------------------------------------------------------X

**APPLICATION FOR LEAVE TO EMPLOY THE LAW OFFICES
OF AVRUM J. ROSEN, PLLC AS ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION EFFECTIVE AS OF DECEMBER 5, 2022
AND TO PERMIT PAYMENT OF A POST-PETITION RETAINER**

**TO:  THE HONORABLE JIL MAZER MARINO
        UNITED STATES BANKRUPTCY JUDGE**

Flavorworkstruck, LLC, the debtor and debtor-in-possession (the "Debtor"), respectfully submits this as and for its application seeking entry of an order retaining The Law Offices of Avrum J. Rosen, PLLC (the "Firm"), as attorneys for the Debtor, effective as of December 5, 2022, under sections 105, 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and to permit the payment of a post-petition retainer, respectfully states as follows:

1. On September 9, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 8, 2022, the Debtor refiled its petition [Dkt. No. 17] electing to be a debtor under Subchapter V of Chapter 11 of the Bankruptcy Code.

1

2. The Debtor was represented by Karamvir Dahiya, Esq., of the Dahiya Law offices LLC on the Petition Date. However, no application to retain the Dahiya Law offices LLC has been filed.

3. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No Subchapter V Trustee has been appointed as of the date of this application.

4. There came a time after the Petition Date, wherein the Debtor's principal retained the Firm to file a bankruptcy petition for another entity owned by the Debtor's principal[1]. Shortly, after the filing of the unrelated case, the Debtor requested that the Firm be retained as incoming counsel to the Debtor to substitute the Debtor's outgoing counsel, the Dahiya Law offices LLC. Attached hereto as **Exhibit "A"** is a Stipulation to Substitute Counsel for the Debtor.

5. The Debtor is not sufficiently familiar with the rights and duties of a debtor in possession so as to be able to plan and conduct proceedings in Chapter 11 without the aid of competent counsel.

6. The Debtor has made diligent inquiry into the qualifications of the Firm, and is advised that members of the Firm are admitted to practice before this Court and by reason, ability, integrity and professional experience, are capable of providing proper legal counsel to the Debtor. The Firm and the undersigned have no connection with any creditor or interested party herein and represent no interest adverse to the estate or to the Debtor.

7. The Debtor has engaged the services of the Firm as attorneys for the Debtor and has engaged the Firm to perform services as attorneys for the Debtor subject to the approval of this

---

[1] As it was disclosed in the attached Affirmation of Avrum J. Rosen, Esq., (**Exhibit "B"**) the Firm filed a petition under subchapter V of Chapter 11 of the Bankruptcy Code on November 17, 2022 on behalf of Flavorworks, Inc. in the Southern District of New York as Case Number 22-11524-pb.

Court. The Firm will advise the Debtor of the rights and duties of a debtor in possession, will oversee preparation of necessary reports to the Court or creditors, will conduct all appropriate investigation or litigation and will perform any other necessary duty in aid of the administration of the estate.

8. The Debtor believes that the Firm is disinterested, as that term is defined in section 101(14) of the Bankruptcy Code since the Firm:

(a) is not a creditor, equity security holder or insider;

(b) the Debtor's shares are not publicly traded and no investment banker has been employed for the Debtor;

(c) is not and its member has never been officers, directors or employees of the Debtor or any investment banker; and

(d) does not have any interest materially adverse to the interest of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor.

9. Compensation will be paid to the Firm at the customary hourly rate as counsel to the Debtor from the Debtor's estate, only upon proper application to this Court thereof. The Firm's current billing rates are as follows:

Partner: $620.00 per hour;

Associates: $325.00 – $525.00 per hour; and

Paraprofessional: $100.00 – $150.00 per hour

10. The Firm has not accepted any money from the Debtor or a third party to represent the Debtor in the instant bankruptcy matter. Although the Firm has agreed to accept a post-petition retainer of $15,000.00 from the Debtor once it is approved by this Court.

11. To the best of the Debtor's knowledge, the attorneys in the Firm have no connection with the Debtor, its members, or any other party in interest or their respective attorneys. Although the Firm has filed bankruptcy for Flavorwork, Inc., Flavorworks Inc. is not a member of the Debtor. Additionally, neither of the debtors' assets or liabilities are connected and the outcome of the Flavorworks Inc. bankruptcy case will not affect the Debtor's bankruptcy case.

12. To the best of the Debtor's knowledge, the Firm represents no interest adverse to the Debtor or to the estate in the matter in which it is to be engaged herein, and its employment would be in the best interest of the estate.

13. The Debtor requests the Firm's retention to be effective as of December 5, 2022, when the Firm began work.

14. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) approving and authorizing the employment of the Firm as attorneys for the Debtor effective as of December 5, 2022; (ii) authorizing the Firm to accept a post-petition retainer of $15,000.00 from the Debtor; together with (iii) such other, further and different relief as this Court may deem just and proper.

Dated: December 16, 2022
      New York, New York                       Respectfully submitted,

                                                */s/ Rocco Dispirito*
                                                Rocco Dispirito
                                                Managing Member of
                                                Flavorworkstrucks Inc.